USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEI KAPIRULJA,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

09 Civ. 4088 (RO)

## ORDER

OWEN, District Judge:

    *Pro se* Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2255 on April 27, 2009, seeking an Order vacating his conviction for one count of conspiracy to commit mail fraud and health care fraud. On September 14, 2010, Magistrate Judge Pitman issued a Report and Recommendation ("the Report") in which he recommended that the motion be denied in all respects. (Docket Entry No. 12.) Before the Court are two motions filed by Petitioner: Petitioner's Motion for an Extension of Time to file objections to the Report, and Petitioner's "Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A)."

**Petitioner's Motion for Extension of Time**

    While Petitioner does not clearly state the reason he is seeking an extension, he references the fact that he has recently been relocated to a different correctional facility, referring to "circumstances" surrounding this relocation. (Pet.'s Mot. for Extension)

    The Court is willing to grant Petitioner an extension to file his objections to the Report. Petitioner shall have thirty (30) days from the date of this Order to do so. Any objections filed after this date shall be deemed untimely.

**Petitioner's Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A).**

Petitioner raises two principal arguments in his attempt to demonstrate that appointment of counsel is warranted. Petitioner argues that he has presented a non-frivolous claim that has a high likelihood of success on the merits, and that because of the complexity of the legal issues in the case, he would have "great difficulty" in attempting to present his case *pro se*. (Mot. at 2). Petitioner also claims that his limited access to legal databases, legal assistance, and computers or typewriters preclude him from adequately representing himself in this proceeding. *Id.*

The Court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006(A)(a)(2). "In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Gonzales v. New York*, No. 05 Civ. 9028, 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21, 2006) (internal citations and quotation marks omitted).

In claiming that his case "has a high likelihood of success on the merits," (Mot. at 2) Petitioner ignores the Report, in which Magistrate Judge Pitman thoroughly explains the reasons supporting his recommendation that Petitioner's habeas petition be denied in full. The Report found that Petitioner's first claim, regarding the sufficiency of the evidence to prove the charged conspiracy, is procedurally barred. (Report at 18).

The Report also rejected Petitioner's second claim, in which Petitioner argued that his trial counsel had been ineffective. In dismissing this claim, the Report found that Petitioner had failed to satisfy the prongs of the *Strickland v. Washington* test, noting that courts apply a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." (Report at 30).

Furthermore, Magistrate Judge Pitman recommended that, because Petitioner had not made a substantial showing of the denial of a constitutional right, a certificate of appealability not be issued, stating that reasonable jurists would not debate that Petitioner's federal rights were not violated and that any appeal from the Report would not be taken in good faith. Petitioner's claim that appointment of counsel will "benefit the Petitioner and the Court," (Mot. at 2) as well as his claim that he has a high likelihood of success on the merits are not only unsupported, but also contrary to Magistrate Judge Pitman's Report.

Petitoner also argues that appointment of counsel is proper because the issues in this case are complex and that because his current incarceration would cause "great difficulty" in presenting his case *pro se*. (Mot. at 2). The Court finds Petitioner's arguments unavailing.

Petitioner was represented by counsel at trial, in which he was convicted by a jury and a judgment of conviction was imposed by this Court. Petitioner was then represented by new counsel for his appeal before the United States Court of Appeals for the Second Circuit, which affirmed the conviction. Throughout this habeas proceeding, Petitioner has demonstrated that he has been able to pursue his claims *pro se*, and the Court is unconvinced that Petitioner is unable to continue to do so in filing objections to the Report.[1]

In conclusion, the Court is unconvinced that it should appoint counsel to assist Petitioner with filing objections to the Report. In light of Magistrate Judge Pitman's Report, nothing Petitioner has demonstrated suggests that a new attorney will be able to present these claims more successfully than they were already presented, or that any difference in presentation warrants the use of scarce resources to appoint counsel. Accordingly, Petitioner's motion for appointment of counsel is denied.

---

[1] In the context of Petitioner's claims that counsel at his trial was ineffective, the Report cites Petitioner's educational background, stating that he is a "sophisticated, competent" individual. (Rep. at 23).

**Conclusion**

Petitioner's motion for an extension of time to file objections to the Report is GRANTED. Petitioner shall have thirty (30) days from the date of this Order to do so. Any objections filed after this date shall be deemed untimely.

The Court expresses no opinion on the ultimate outcome of the petition should Petitioner decide to file objections to the Report, but notes that at this point there does not appear to be to a strong likelihood of success on the merits. Accordingly, Petitioner's request for the appointment of counsel is DENIED.

SO ORDERED.

October 26, 2010

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE